FILED
OCT 12 1999
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RAMIREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LARRY SMALL,<br><br>　　　　Respondent.<br>_____ | No. C 99-3250 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Frank Ramirez, a California prisoner incarcerated at the Calipatria State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Ramirez states in his petition that he was convicted in Santa Clara County Superior Court of possession of methamphetamine for sale while armed, and possession of a gun by an ex-felon. He was sentenced to 29 years to life in prison in 1996. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the Supreme Court of California in 1997. He then filed several state habeas petitions, all of which were unsuccessful.

Ramirez filed a federal habeas petition in 1998. That petition was dismissed because state judicial remedies had not been exhausted as to the claims raised therein. See Ramirez

v. Small, No. C98-4149 MHP. Several months later, Ramirez commenced this action by filing a new petition.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994).

B. Legal Claims

1. Claims Not Mentioning Federal Right Allegedly Violated

Ramirez asserts seven claims in his habeas petition, but does not allege what, if any, federal rights were violated by most of the alleged errors of the trial court. Specifically, Claim 2 does not identify the federal right violated by the admission of certain character evidence, Claim 3 does not identify the federal right violated by the alleged improper instructions, Claim 5 does not identify the federal right violated by the failure to grant a mid-trial recess, and Claim 7 does not identify the federal right violated by the alleged sentencing error. Ramirez must file an amended petition in which he identifies the particular federal constitutional right (or other federal right) violated in the each of these claims. Additionally, Ramirez must state whether he presented each claim of a violation of a federal right to the Supreme Court of California for its review.

/ / /

/ / /

/ / /

2. <u>Unlawful Seizure</u>

In Claim 1 in his petition, Ramirez alleges that guns and a weapon were unlawfully seized. Unlawful searches and seizures are covered by the Fourth Amendment of the U.S. Constitution. Federal habeas review of Fourth Amendment claims is not available unless the state did not provide an opportunity for full and fair litigation of those claims. See <u>Stone v. Powell</u>, 428 U.S. 465, 481-82, 494 (1976). Even if the state court's determination of the Fourth Amendment issues is improper, it will not be remedied in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to litigate the issue. See <u>Locks v. Sumner</u>, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. See <u>Gordon v. Duran</u>, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). In light of the fact that Ramirez had the opportunity to litigate his Fourth Amendment claim in state court, his federal habeas claim that the seizure of the drugs and weapon violated his Fourth Amendment rights is legally meritless and therefore must be dismissed.

3. <u>Ineffective Assistance of Counsel</u>

Claim 4 alleges that Ramirez received ineffective assistance of trial counsel because counsel did not object to the misleading and incorrect statements of the law made by the prosecutor to the jury. Liberally construed, the allegations state a cognizable claim for a violation of Ramirez's Sixth Amendment right to counsel. See <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (Sixth Amendment right to counsel guarantees not only assistance, but effective assistance, of counsel).

4. <u>CALJIC 2.90</u>

Claim 6 alleges that Ramirez's right to due process was violated by the reasonable doubt instruction given at his trial (i.e, CALJIC 2.90, as modified in 1994). Due process requires that the trial court instruct the jury on the necessity that the defendant's guilty be proven beyond a reasonable doubt. See <u>Victor v. Nebraska</u>, 511 U.S. 1, 5 (1994). The Constitution does not, however, prohibit trial courts from defining reasonable doubt or

require them to do so as a matter of course. See id. Taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury. See id. The proper inquiry is "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the Winship standard." See id. at 6 (citing In re Winship, 397 U.S. 358 (1970) (Due Process Clause of the Fourteenth Amendment requires that the government must prove beyond a reasonable doubt every element of a charged offense)). Prior to 1994, CALJIC 2.90 mirrored the language of California Penal Code 1096 in describing the state of mind the jurors should be in when deciding to acquit, specifically, "in the condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." The 1994 modification eliminated the phrase, "to a moral certainty". See CALJIC 2.90. The purpose of the 1994 modification to CALJIC 2.90 was to clarify the instruction to the jury. Cf. People v. Freeman, 8 Cal. 4th 450, 504 (Cal. 1994); CALJIC 2.90 use note. "An instruction cast in terms of an abiding conviction as to guilt, without reference to moral certainty, correctly states the government's burden of proof." See Victor, 511 U.S. at 14-15 (citing Hopt v. Utah, 120 U.S. 430, 439) ("The word 'abiding' here has the signification of settled and fixed, a conviction which may follow a careful examination and comparison of the whole evidence"). The post-Victor version of the CALJIC 2.90 reasonable doubt instruction -- the version allegedly give at Ramirez's trial -- was upheld in Lisenbee v. Henry, 166 F.3d 997, 999-1000 (9th Cir. 1999) (use of term "abiding conviction" in defining reasonable doubt is constitutionally sound). The Lisenbee decision dictates the result here: the claim must be dismissed because the reasonable doubt instruction given at Ramirez's trial did not violate due process.

## CONCLUSION

The claim concerning the alleged unlawful seizure and the claim concerning CALJIC 2.90 are DISMISSED without leave to amend. The ineffective assistance of counsel claim is cognizable, but will not be served on respondent until Ramirez has had an opportunity to amend to remedy the problems in his other claims. Claims 2, 3, 5 and 7 are DISMISSED with leave to amend. Ramirez must file within **thirty days** of the date of this order an

amended petition in which he identifies, in each of his claims, the particular federal rights that have been violated. If Ramirez does not timely file his amended petition, those claims will be dismissed. Ramirez must clearly write his case number (i.e., Case No. C 99-3250 MHP (pr)) as well as the words "Amended Petition" on the first page of his amended petition.

IT IS SO ORDERED.

DATED: 10/12/99

_____
Marilyn Hall Patel
United States District Judge

awb

United States District Court
for the
Northern District of California
October 12, 1999

* * CERTIFICATE OF SERVICE * *

Case Number:3:99-cv-03250

Ramirez

    vs

Small

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Frank Ramirez Sr.                         AB/MHP
    CSP-Calipatria
    K-05214                                       Pro Se
    7018 Blair Rd
    P O Box 5002
    Calipatria, CA   92233-5002

Richard W. Wieking, Clerk

BY: _____
A Bowser, Deputy Clerk